IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE & CASUALTY CO., <br><br> *Plaintiff*, <br><br> v. <br><br> JARED HUNT and LYNN POTTER, <br><br> *Defendants*. | CIVIL ACTION <br> NO. 14-06673 |

MEMORANDUM

**PAPPERT, J.**                                                                                                                 May 4, 2015

      Presently before the Court is Plaintiff State Farm Fire & Casualty Company's ("State Farm") Motion for Default Judgment against Defendants Jared Hunt ("Hunt") and Lynn Potter ("Potter"). The Court grants the Motion.

**Background**

      The dispute underlying this declaratory judgment action began when Hunt and his friends were accused of viciously attacking and beating Ian Mitchell ("Mitchell") in the woods behind Mitchell's home in Folcroft, Pennsylvania. Mitchell filed a civil action in state court alleging negligence against Hunt and his mother, Potter, as well as the other attackers, their parents, and the entities that owned the wooded parcel where the attack took place. *See Mitchell v. Aldridge, et al.*, Civil Dkt. No. 01216, February Term 2014 (Pa. Ct. Com. Pl.) (the "Underlying Action"). Hunt was a minor at the time of the attack, but came of age by the time Mitchell filed his lawsuit. (Mitchell Compl. ¶ 6.) The Underlying Action is ongoing. *See Mitchell*, Civil Dkt. No. 01216, February Term 2014 (Pa. Ct. Com. Pl.) (projecting trial date for September 8, 2015).

In the Underlying Action, Mitchell alleged that he was home on the evening of March 31, 2012, when he noticed a large amount of smoke coming from the wooded area behind his house. (Mitchell Compl. ¶¶ 18-19.)  When Mitchell walked into the woods to investigate, he came upon Hunt and his friends, who physically attacked him.  (*Id*. ¶¶ 21-23.)  The police report documenting the incident details that Mitchell suffered severe injuries, including a punctured right lung, broken nose, broken orbital bones, lacerations to his head and face, facial fractures, and a stab wound to his lower left back.  (Mitchell Compl. ¶¶ 24-25; Dec. Compl., Ex. D at 8.)  The police report also includes a statement from a female juvenile who witnessed the attack and identifies Hunt as one of the attackers who began to strike Mitchell when he was on the ground. (Dec. Compl., Ex. D at 7.)

At the time of the attack, Potter was insured by State Farm pursuant to a homeowners policy (the "Policy").  (*Id*. ¶ 11, Ex. A.)  Potter is the named insured on the Policy.  (*Id*. ¶ 12, Ex. A.)  Hunt is an additional insured on the Policy as Potter's minor child living at home at the time of the attack.  (*Id*.)  The Policy includes limited personal liability coverage:

> **COVERAGE L–**
> **PERSONAL LIABILITY**
>
> If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** to which this coverage applies, caused by an **occurrence**, we will:
>
> 1. pay up to our limit of liability for the damages for which the insured is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice . . .

(*Id*. ¶ 21, Ex. A) (emphasis in original).  The Policy defines "bodily injury" as "physical injury, sickness, or disease to a person.  This includes required care, loss of services and death resulting thereon."  (*Id*. ¶ 22, Ex. A.)  The Policy also defines "occurrence" as "**an accident**, including

exposure to conditions," which first results in bodily injury or property damage during the policy period.  (*Id*. ¶ 23, Ex. A) (emphasis added).  Finally, the Policy also includes an exclusion for personal liability coverage for bodily injury or property damage:

>   (1) which is either expected or intended by the **insured**; or
>
>   (2) which is the result of willful or malicious acts of the **insured**;

(*Id*. ¶ 24, Ex. A) (emphasis in original).  Based on the Policy, Hunt sought defense and indemnity from State Farm for the Underlying Action.  (*Id*. ¶ 17.)  State Farm has been providing a defense to Hunt in the Underlying Action pursuant to a reservation of rights.  (*Id*. ¶ 18.)

State Farm filed this declaratory judgment action on November 20, 2014 pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  (*Id*. ¶ 1.)  The Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a).[1]  (*Id*. ¶¶ 2, 4-6.)  State Farm seeks a declaration that it has no obligation to defend or indemnify Hunt[2] in the Underlying Action based upon certain exclusions in, and provisions of, the Policy.  (*Id*. ¶¶ 19-20.)

State Farm perfected service on Hunt and Potter on January 10, 2015, personally serving them with summonses and copies of the declaratory complaint.  (ECF Nos. 3-4.)  Pursuant to the Federal Rules of Civil Procedure, Hunt and Potter were required to file an answer or otherwise respond to the declaratory complaint by January 31, 2015.  *See* Fed. R. Civ. P. 12(a)(1)(A) (giving defendants 21 days after being served with the summons and complaint to answer or

---

[1] State Farm is an Illinois citizen, Hunt and Potter are Pennsylvania citizens, and the amount in controversy is alleged to exceed $75,000.  (Dec. Compl. ¶¶ 2, 4-6.)

[2] Although both Hunt and Potter are named defendants in this declaratory action, this is ostensibly because Hunt was a minor at the time of the attack, which triggered coverage under the Policy.  State Farm only seeks a declaration that it is not required to defend or indemnify Hunt in the Underlying Action.  *See* (Dec. Compl. ¶¶ 19-20, 65-66, 80-81, 91; Mot. for Default J. ¶¶ 1, 19.)  State Farm does not dispute that it has a duty to defend and indemnify Potter.

otherwise respond).  Hunt and Potter failed to appear or respond to the complaint by the January 31 deadline.

On February 27, 2015, State Farm filed requests for entry of default against Hunt and Potter pursuant to Federal Rule of Civil Procedure 55(a).  (ECF Nos. 6-7.)  The clerk of court entered defaults against Hunt and Potter on the same day.  By letter dated March 2, 2015, State Farm notified Hunt and Potter of the entries of default against them and advised that State Farm accordingly intended to file a motion for default judgment.  (Mot. for Default J., Carroll Aff., Ex. 3.)  Copies of the letter were sent via certified and regular U.S. mail, neither of which was returned to State Farm.  (Mot. for Default J. ¶¶ 5-7.)  The letter explained that entry of a default judgment "may impact the defense currently being provided to you under your Homeowners Policy for the underlying action" and recommended that "you consult with an attorney regarding this matter."  (Mot. for Default J., Carroll Aff., Ex. 3.)  Hunt and Potter again failed to appear or respond.

State Farm filed its Motion for Default Judgment on April 13, 2015.  (ECF No. 8.)  On April 17, 2015, the Court ordered Hunt and Potter to respond to State Farm's Motion by May 1, 2015 and show cause why the Motion should not be granted.  (ECF No. 9.)  The April 17th Order also stated that if Hunt and Potter failed to file a response, the Court would consider the Motion unopposed.[3]  (*Id.*)  To date, Hunt and Potter have not appeared (either individually or through counsel), pleaded, or otherwise defended themselves.

---

[3]   Rule 7.1(c) of the Local Rules of Civil Procedure provides that, in the absence of a timely response, the Court may grant a motion (other than motions for summary judgment) as unopposed.

**Discussion**

      I.      **Declaratory Judgment**

The Declaratory Judgment Act provides that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. In exercising its discretion under the Declaratory Judgment Act, a district court should consider the following: (1) the likelihood that the declaration will resolve the uncertainty of obligation which gave rise to the controversy; (2) the convenience of the parties; (3) the public interest in a settlement of the uncertainty of obligation; and (4) the availability and relative convenience of other remedies." *Terra Nova Ins. Co. v. 900 Bar., Inc.,* 887 F.2d 1213, 1224-25 (3d Cir. 1989) (citation omitted).

The Court concludes that the four *Terra Nova* factors support granting declaratory relief in this case. First, a declaratory judgment promises to eliminate the uncertainty of State Farm's obligations by making clear whether it has a duty to defend or indemnify Hunt in the Underlying Action. This, in turn, would serve the convenience of the parties because it would alert Hunt and Potter to Hunt's need to prepare his own defense in the Underlying Action. Third, the public, including all of the parties to the Underlying Action, have an interest in resolving the uncertainty of State Farm's obligations because that uncertainty threatens to delay the state court proceedings and frustrate settlement discussions.[4] Lastly, there are no other remedies that will resolve the uncertainty of State Farm's position without significant cost and inconvenience to all of the parties and the public. Thus, the Court concludes that declaratory judgment is an appropriate remedy in this case.

---

[4]     *See Mitchell*, Civil Dkt. No. 01216, February Term 2014 (Pa. Ct. Com. Pl.) (scheduling settlement conference in Underlying Action for June 11, 2015).

## II.     Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default judgment. Rule 55 provides that after the clerk has entered a default against a defendant for failure to plead or otherwise defend, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. P. 55(a), (b)(2). A plaintiff who has taken the proper procedural steps under Rule 55 is not entitled to default judgment as of right; rather, the entry of default judgment is left to the discretion of the court. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir. 1984). In exercising that discretion, the court is mindful "that cases [should] be disposed of on the merits whenever practicable." *Id.* at 1181.

In deciding whether to enter default judgment, the court is to consider three factors: (1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct. *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir. 2000). The court accepts as true the well-pleaded factual allegations in the plaintiff's complaint, except those relating to damages, as though they were admitted or established by proof, as well as all reasonable inferences that can be drawn therefrom. *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (citations omitted). Conclusory allegations and the parties' legal theories or conclusions of law, however, are not entitled to the same presumption and are not deemed admitted. *Id.* at 270-71.

After analyzing the factors outlined in *Chamberlain*, the Court concludes that the entry of default judgment against Hunt and Potter is appropriate under the circumstances of this case. The first factor, prejudice to the moving party if default judgment is denied, strongly favors granting default judgment. State Farm has been providing Hunt a defense in the Underlying Action pursuant to a reservation of rights, and will continue to incur mounting litigation costs

while Hunt and Potter stall resolution of this case with their refusal to participate.  (Mot. for Default J. 4.)  State Farm's interest in clarifying its obligation to defend and indemnify Hunt is prejudiced by Hunt and Potter's ignoring this litigation, protracting the dispute between the parties and effectively foreclosing State Farm from relief for the foreseeable future.  *Great Am. E & S Ins. Co. v. John P. Cawley, Ltd.*, 866 F. Supp. 2d 437, 441 (E.D. Pa. 2011).  "Considerable delays," especially those that might "stretch on indefinitely," are sufficient to show prejudice to the plaintiff.  *Joe Hand Promotions*, 3 F. Supp. 3d at 271 (citation omitted).

The second factor also favors the entry of default judgment because Hunt and Potter do not appear to have any litigable defenses to State Farm's request for a declaratory judgment.  A party seeking to prove a litigable or meritorious defense must allege specific facts that stretch beyond a general denial.  *E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 606 (E.D. Pa. 2009).  In other words, the party cannot rest solely "on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil Procedure."  *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195-96 (3d Cir. 1984).  Hunt and Potter have never entered an appearance in this action, much less asserted *any* defense to State Farm's complaint for declaratory judgment.  "[T]he court may presume that an absent defendant who has failed to answer has no meritorious defense because it is not the court's responsibility to research the law and construct the parties' arguments for them."  *Joe Hand Promotions*, 3 F. Supp. 3d at 271 (citations and internal quotations omitted).

Furthermore, based on allegations in Mitchell's state court complaint and the relevant Policy language, Hunt's intentional attack on Mitchell was not an "accident" and thus does not qualify as an "occurrence" triggering coverage under the Policy.  *See Gene's Rest., Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 246-47 (Pa. 1988) (finding that an insurer's duty to defend is

assessed by comparing the underlying complaint to the policy at issue); *see also Markel Int'l Ins. Co. v. 2421 Salam, Inc.*, Nos. 08-cv-1052 & 08-cv-2484, 2009 WL 1220557, at *2 (E.D. Pa. Mar. 31, 2009) (when determining whether coverage is triggered, the court should focus on the underlying complaint's factual allegations, not the terminology used to name the causes of action). Other courts examining similar allegations of intentional attacks and near-identical policy language have repeatedly come to the same conclusion. *E.g., Allstate Ins. Co. v. Lombardi*, 142 F. App'x 549, 552 (3d Cir. 2005) ("Allstate is not required to defend or indemnify Michael. The Event did not constitute an 'occurrence' within the meaning of the Policy because the factual allegations of Lombardi's complaint indicate that Michael's actions [of attacking Lombardi] were intentional."); *Auto. Ins. Co. of Hartford v. Morris*, No. 97-cv-5372, 1999 WL 159882, at *6-7 (E.D. Pa. Mar. 22, 1999) (concluding "that AICH has no duty to defend or indemnify Anderson or Liszewski under the policy in connection with the actions pending in Bucks County Court of Common Pleas and the Eastern District of Pennsylvania arising from the alleged attack on Larry Morris."); *accord Gene's Rest.*, 548 A.2d at 247 ("The willful and malicious assault alleged in the complaint is not an accident but rather is an intentional tort. As such, it is not covered by the policy and, therefore, the insurer owed no duty to defend."). Given this case law and the record before the Court, Hunt and Potter do not appear to have a litigable or meritorious defense.

The third and final factor—whether Hunt and Potter's delay is due to their own culpable conduct—is at least a neutral factor, and at most a factor favoring entry of default judgment. Culpable conduct relates only to "actions taken willfully or in bad faith." *Mike Rosen & Assocs., P.C. v. Omega Builders,* 940 F. Supp. 115, 118 (E.D. Pa. 1996) (citing *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir. 1983)). Some courts have held the third factor

to be neutral where the court "has no information related to the motivations" of the defendant "in failing to appear and defend." *Great Am. E & S Ins. Co.*, 866 F. Supp. at 442.  Other courts have found that "the defendant's failure or refusal to engage in the litigation process and to offer no reason for this failure or refusal may qualify as culpable conduct with respect to the entry of a default judgment—indeed, for the Court to conclude otherwise would be to reward the recalcitrant or the oppositional and uncooperative." *Joe Hand Promotions*, 3 F. Supp. 3d at 271 (citations and internal quotations omitted); *see also E. Elec. Corp.,* 657 F. Supp. 2d at 606-07 ("In this case, the Court finds no excuse or outside reason apart from the Third-Party Defendants' own conduct that the Third-Party Defendants have defaulted.  They have not responded to Shoemaker's Amended Third-Party Complaint, and Shoemaker asserts in its Memorandum that it 'served all pleadings, motions and other documents . . . as appropriate.' . . . The Court finds that this conduct easily qualifies as culpable conduct with respect to the entry of a default judgment.").

State Farm argues that the third factor favors default judgment here because the record shows that Hunt and Potter were personally served with summonses and copies of the complaint on January 10, 2015.  (Mot. for Default J. 9.)  Since that time, Hunt and Potter have failed to appear or otherwise defend.  (*Id*.)  State Farm contends that Hunt and Potter's willful decision to ignore this litigation is due entirely to their own culpable conduct.  (*Id*. at 9-10.)  Whether the Court considers the third factor as neutral or weighing in favor default judgment, overall analysis of the three *Chamberlain* factors favors entry of default judgment.  State Farm's Motion for Default Judgment will be granted.

      */s/ Gerald J. Pappert*
      GERALD J. PAPPERT, J.